COMMONWEALTH *vs.* THAIS STODDARD.

No exception lies to the refusal of a judge to rule, before the jury were sworn in a criminal case, that it was not necessary for the defendant, under *St.* 1864, c. 250, § 2, to point out the particulars of certain alleged defects in the indictment until after the testimony for the government should have been put in.

An indictment against a woman, which charges that she assaulted a female infant child, and wilfully and maliciously exposed her and left her exposed in the street in the night time, without the care of any person, and without sufficient, proper or necessary clothing, shelter or protection against the weather and the cold, does not allege a criminal exposure or neglect, but will support a sentence for an assault.

If the name of a person injured is unknown to the grand jury, it may be so alleged in the indictment, although they might by reasonable pains have ascertained the name.

INDICTMENT found in March 1864, charging that Thais Stoddard, George Stevens and Ann Stevens, wife of said George Stevens, on a certain day, at Boston, " with force and arms, in and upon a female infant child, whose name is to the jurors unknown, an assault did make, and her the said female infant child then and there did wilfully and maliciously expose and leave exposed, helpless and alone, in the street in said city of Boston called Howard Street, in the night time, without the care of any person, and without sufficient, proper or necessary clothing, shelter or protection against the weather and the cold for the space of six hours."  A *nol. pros.* was entered as to George and Ann Stevens.

The case came on in the superior court, before *Vose*, J., and before the jury were sworn the defendant's counsel stated that the indictment was fatally defective on its face, and asked the court to rule that *St.* 1864, *c.* 250, § 2, (which went into effect in June 1864,) providing that any objection to an indictment for any formal defect apparent on its face shall be taken by demurrer or motion to quash, assigning specifically the objections relied upon, before a jury has been sworn, did not apply to this indictment, and that he was not obliged to point out the defect until after the testimony for the government should have been put in; but the judge refused so to rule, stating that in his opinion it would be safer for the defendant to point out the defect then. The defendant, having excepted to this refusal, then moved to quash the indictment because it contained no allegation that the child referred to in it was one of tender years and under the control of the defendant; but the motion was overruled.

The jury were then sworn, and evidence was introduced which proved that the child was the daughter of George Stevens and Ann Stevens, his wife, who were mentioned in the indictment; that the child when two days old was brought to Boston by the defendant from the house of said Stevens in Watertown, with his consent, in January 1864, and left at the outer door of a house in Howard Street, and was afterwards taken to a "children's home," where it was identified by the mother and nurse. The nurse was a witness before the grand jury, and also a policeman in whose presence it was identified. The defendant thereupon contended that the grand jury knew that the child was the daughter of Ann Stevens, and that the description of the child in the indictment was insufficient, erroneous and variant from the proof; and that the defendant was entitled to an acquittal. But the judge refused so to rule, and allowed the case to go to the jury without instruction; and to this refusal and course of proceedings the defendant alleged exceptions The jury returned a verdict of guilty.

*G. Sennott*, for the defendant.

*Foster*, A. G., for the Commonwealth.

GRAY, J.   The *St.* of 1864, *c.* 250, § 2, which requires that any objection to an indictment for a formal defect apparent on its face shall be taken by demurrer or motion to quash before the jury is sworn, is not limited to indictments found after the statute took effect, and upon the ordinary principles of the construction of statutes would seem to apply to any trial had after it went into operation on an indictment found before it was passed.   But it is not necessary in this case to express any decisive opinion upon that question; for the defendant certainly had no right to require the court to determine in advance whether the objections on which she relied would be open to her in arrest of judgment, and was not injured by the advice of the judge to point out the defects before the jury were sworn.

The defendant objects to the sufficiency of the indictment in two respects; 1st, for not stating any crime ; 2d, for not naming or describing the child alleged to have been exposed.

Considered as a full description of the offence of which the pleader seems to have intended to accuse the defendant, the indictment is quite defective.   It does not allege that the person injured was of tender years, or unable to take care of herself; nor that she was the defendant's child, ward, servant or apprentice, or in her care or keeping; nor that the child was injured ; and so does not show a criminal exposure or neglect of the child. *Rex* v. *Ridley,* 2 Camp. 652.   *Regina* v. *Pelham,* 8 Q. B. 965.   *Regina* v. *Waters,* 1 Denison, 360 ; S. C. 3 Cox C. C. 303 ; Temple & Mew, 62.   *Regina* v. *Phillpot,* Dearsly, 183 ; S. C. 6 Cox C. C. 140.   But the indictment does distinctly charge an assault upon the child ; and on that charge the defendant may be sentenced.

When the name of a person injured is unknown to the grand jury, it may be so alleged in the indictment, and no further description of that person is necessary.   But the proof must correspond with the allegation, and unless the traverse jury are satisfied that the name was unknown to the grand jury, the defendant is not to be convicted.   It has sometimes been said that a name could not be alleged to be unknown, which the grand jury had the means of informing themselves of, or might with reasonable

diligence have ascertained. But in our opinion it is no part of the duty of the jury of trials to judge what the grand jury could or ought to have known, and make that the test of what they did know, and thus create a variance where the indictment precisely corresponds with the fact. Still less could the presiding judge, from the evidence introduced in this case, determine as matter of law that the grand jury must have known the name of the child. *Commonwealth v. Tompson,* 2 Cush. 551. *Commonwealth v. Thornton,* 14 Gray, 42. The question whether they did know it was rightly submitted to the jury of trials, and, we must presume, with proper instructions; for his instructions are not reported in the bill of exceptions; and the only exception taken on this point is to his refusal to instruct the jury that the defendant was entitled to an acquittal, and allowing the case to go to the jury without such an instruction.

*Exceptions overruled.*